UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


LINDA PARENT                          CIVIL ACTION


VERSUS                                NO. 06-2362


STATE FARM FIRE AND CASUALTY          SECTION: "R"(5)
COMPANY


ORDER AND REASONS

Before the Court is defendant State Farm Fire and Casualty Company's appeal of the magistrate judge's order on plaintiffs' discovery requests.  For the following reasons, the Court AFFIRMS the rulings of the magistrate judge.


I.   BACKGROUND

Plaintiff Linda Parent owned property in Slidell at the time Hurricane Katrina struck southeastern Louisiana.  The storm rendered plaintiff's residence, which was insured under a State Farm homeowner's policy, a total loss.  Plaintiff contends that wind, a covered peril under their homeowner's policy, was the cause of her damage.  Her policy provided coverage limits of

$116,611 for dwelling, $87,458 for contents, $2,500 for jewelry and furs, and other coverages for slab and debris removal. (R. Doc. 1-2, at 1). State Farm asserts that flooding was the primary cause of loss to plaintiff's property. Plaintiff filed this action in state court on March 23, 2006, asserting breach of contract as well as claims under La. Rev. Stat. §§ 22:658 and 22:1220. State Farm removed the case to federal court on May 2, 2006. It now appeals the magistrate judge's May 2, 2007 order requiring it to produce certain documents requested by plaintiff. (R. Doc. 20).

## II. DISCUSSION

### A. Applicable Law

A magistrate judge may hear and determine any pretrial matter pending before a district court. 28 U.S.C. § 636(b)(1)(A). Federal law affords a magistrate judge broad discretion in the resolution of non-dispositive pretrial matters. *See* Fed. R. Civ. P. 72(a). In a non-dispositive matter, a district court will reverse a magistrate judge's ruling only if the party challenging the decision can demonstrate that the determination was clearly erroneous or contrary to law. *Id.; see also Castillo v. Frank*, 70 F.3d 382, 385-86 (5th Cir. 1995). A magistrate judge's decision is clearly erroneous when, based on

2

the entire evidence, the reviewing court is left "with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

**B.   State Farm's Objections**

State Farm appeals the following six discovery orders issued by the magistrate judge on May 2, 2007:

> Plaintiff's Interrogatory No. 7: subject to a protective order to be entered into between the parties, defendant is to provide the names and addresses of its insureds, if any, whose residences were located on Highway 433 within one mile on either side of plaintiff's residence at the time of Hurricane Katrina.  Defendant will further indicate whether any of those insureds made claims for damages as a result of the storm, whether those claims were paid or denied, and, if paid, the amount(s) paid on the insureds' homeowners' and/or flood policies.
>
> Plaintiff's Interrogatory No. 8: subject to a protective order to be entered into between the parties, defendant is to provide any elevation information in its possession.
>
> Plaintiff's Interrogatory No. 9: if defendant's expert has already prepared a report in this matter, a copy of it is to be provided to plaintiff. Otherwise, expert reports are to be exchanged as set forth in the scheduling order.
>
> Plaintiff's Request for Production of Documents No. 6: subject to a protective order to be entered into between the parties and for the same geographical area noted for interrogatory No. 7, *supra*, defendant is to produce any non-privileged initial adjustors' or experts' reports that were issued in connection with properties where claims were ultimately paid under the insureds' homeowners' policies.

> Plaintiff's Request for Production of Documents No. 9: defendant is to produce if in its possession for the same geographical area noted for interrogatory No. 7, *supra*.
>
> Plaintiff's Request for Production of Documents No. 13: if in its possession, defendant is to produce any elevation surveys for any other insureds it may have had whose residences were located within the geographical area noted for interrogatory No. 7, *supra*.

(R. Doc. 16). State Farm objects to these orders because the requests are overbroad, irrelevant, and aimed at confidential information.

The Court finds that these objections are without merit. The magistrate judge limited the scope of plaintiff's interrogatories and requests for production of documents to the area within one mile on either side of her residence on Highway 433 in Slidell. In light of this narrow geographical area, it cannot be said that plaintiff's discovery requests are overbroad. Moreover, the information sought by these requests is not irrelevant. As this Court has previously stated when resolving similar magistrate appeals, evidence of other claims by residents of the same limited geographical area could be relevant to a plaintiff's bad faith allegations. *See Dudenhefer v. State Farm Fire & Cas. Co.*, 2007 WL 1521018, at *3 (E.D. La. May 23, 2007) (affirming magistrate judge's order requiring State Farm to produce a list of all claims and/or lawsuits made as a result of

Katrina in St. Bernard Parish in which it was alleged that State Farm was in bad faith); *Tomlinson v. Allstate Indem. Co.*, 2007 WL 404698 (E.D. La. Feb. 1, 2007) (upholding magistrate judge's order compelling Allstate to produce list of all lawsuits filed against it by Jefferson Parish homeowners as a result of Hurricane Katrina).  The Court thus cannot conclude that these requests, as modified by the magistrate judge's order, are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, State Farm has failed to show that plaintiff's requests are unduly burdensome.  Finally, the Court notes that the magistrate judge's rulings require entry of a protective order between the parties before State Farm is compelled to produce the requested information.  The protective order should necessarily alleviate State Farm's privacy concerns in this matter.

## III. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the rulings of the magistrate judge.

New Orleans, Louisiana, this 4th day of June, 2007.

_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE